**Dirk EPPERSON and Betty Schneider, Plaintiffs–Appellants,**

v.

**ENTERTAINMENT EXPRESS, INC., and Hill International, Inc., Defendants–Counter–Claimants–Appellees,**

**Irvin Richter, Defendant–Appellee,**

---

**Hill Arts & Entertainment Sys,
Inc., Defendant–Counter–
Defendant–Appellee.**

No. 04–5772–CV.

United States Court of Appeals,
Second Circuit.

Dec. 12, 2005.

Robert Sullivan, Jr., Law Office of Robert Sullivan, Westport, CT, for Appellants.

Carolyn W. Kone, Brenner, Saltzman & Wallman LLP, New Haven, CT, for Appellees.

Present: Jon O. NEWMAN, José A. CABRANES and Peter W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs–Appellants Dick Epperson and Betty Schneider are creditors who appeal from a September 24, 2004 Memorandum of Decision of the District Court, *Epperson v. Entertainment Express, Inc.*, 338 F.Supp.2d 328 (D.Conn.2004), granting defendants' motion for summary judgment and dismissing plaintiffs' claims brought pursuant to Connecticut's enactment of the Uniform Fraudulent Transfer Act ("UFTA"), Conn. Gen.Stat. §§ 52–552a–5521.

The District Court held that because the property alleged to have been fraudulently transferred was encumbered by liens exceeding the value of the property, the property was not an "asset" within the meaning of the UFTA, and accordingly, the transfer could not be challenged. *Epperson*, 338 F.Supp.2d at 343. The Court further held that plaintiffs could not contest the validity of the liens in question because their claims were barred by the UFTA's statute of repose. *Id.* at 343–44 (outlining and applying the requirements of the UFTA's repose provisions, Conn. Gen.Stat. § 52–552j). Finally, the District Court rejected plaintiffs' argument that defendants fraudulently concealed the existence of their secured debt by deliberately failing to comply with discovery requests aimed at clarifying whether monies received by defendant Hill Arts & Entertainment Systems, Inc. ("Hill A&E") (now HAESI Software, Inc.) were secured loans or capital contributions.

On appeal, plaintiffs assert principally that the District Court erred (1) by improperly placing the burden of proof on plaintiffs to demonstrate the existence and validity of any existing liens; (2) by not considering evidence that raises a genuine issue of material fact regarding whether Hill A&E had assets that were not fully encumbered by valid liens; and (3) by miscalculating, or failing to equitably toll the relevant period during which plaintiffs were required by the UFTA statute of repose to challenge the validity of the liens at issue.

We review appeals from a district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party. *See, e.g., James v. New York Racing Ass'n*, 233 F.3d 149, 152 (2d Cir.2000). "Even where facts are disputed, in order to defeat summary judgment, the nonmoving party must offer enough evidence to enable a reasonable jury to return a verdict in its favor." *Byrnie v. Town of Cromwell[ ] Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir.2001). Accordingly, "'the non-moving party may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir.1998)).

■ Upon our *de novo* review of the record, we hold that the District Court properly granted defendants' motion for summary judgment. With respect to plaintiffs' first argument, concerning the burden of proof in fraudulent transfer actions, we hold that the District Court stated the correct legal standard under the

UFTA: "[t]he party who seeks to set aside [a] transaction bears the burden of proving, by clear and convincing evidence, that the transaction was fraudulent." *Epperson*, 338 F.Supp.2d at 341. *See Dietter v. Dietter*, 54 Conn.App. 481, 488, 737 A.2d 926 (1999) (holding that under Connecticut's UFTA statute, "[a] party who seeks to set aside a transfer as fraudulent bears the burden of proving fraudulent intent by clear and convincing evidence"); *see also Daly v. Deptula (In re Carrozzella & Richardson)*, 286 B.R. 480, 485–86 (D.Conn.2002) (noting that under Connecticut's fraudulent transfer statute, plaintiff bears burden of proof).

■ Plaintiff's second claim—concerning the District Court's failure to consider evidence suggesting that Hill A&E had unencumbered assets against which plaintiffs could have recovered but for the alleged fraudulent transfer—is similarly unavailing. We find no evidence in the record that would allow a reasonable factfinder to conclude that, in May 1996—when the transfer in question occurred—Hill A&E had sufficient assets to offset the more than $12 million it owed to its secured creditors. Accordingly, we agree with the District Court that no reasonable factfinder could conclude that, at the time of the alleged transfer, Hill A&E had "assets" within the meaning of the UFTA.

■ We also reject plaintiffs' remaining claims, which allege that the District Court erred in failing to find fraudulent concealment and declining to toll the four-year repose period in light of the equities involved. Where, as here, a fraudulent transfer claim is based upon the granting of a security interest, a statute of limitations begins to run on the date that the UCC financing statement is filed. *See, e.g., Smith v. Keeney (In re Milton W. Keeney)*, No. 96–60529, 1997 Bankr.LEXIS 2375, at \*5 (Bankr.E.D.Ky. Sep. 30, 1997); *Segal v. Rhumbline Int'l, Inc.*, 688 So.2d 397, 400 (Fla.Dist.Ct.App.1997). Accordingly, plaintiff—who ultimately brought suit on April 27, 1999—had until April 1, 1998 to file a claim that the granting of liens and security interests in any of Hill A&E's assets qualified as a fraudulent transfer. *See* Conn. Gen.Stat. § 52–552j. Notwithstanding plaintiffs' argument on appeal that temporary mischaracterizations of secured debt as "capital contributions" on Hill A&E's balance sheets for the years 1993 to 1995[1] obscured the full nature of their secured debt, we agree with the District Court that, in light of the UCC filings and a host of other financial statements freely available to plaintiffs during the time before the repose period had expired, there was no equitable basis for further tolling the repose provisions of the UFTA.

Substantially for the reasons stated by the District Court in its thorough Memorandum of Decision, we hold that the District Court did not err in dismissing plaintiffs' claims at summary judgment.

\*    \*    \*    \*    \*    \*

We have considered all of plaintiffs' arguments and found each of them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.

---

**1.** The record reflects that the balance sheets for these years were later corrected and restated.